IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICHARD MULLER and
    NANCY MULLER
                                                                                                                                             PLAINTIFFS

VERSUS                                               CIVIL ACTION NO. 1:06-cv-95-LTS-RHW

STATE FARM FIRE AND CASUALTY COMPANY               DEFENDANT

## ORDER

This action is before the Court on the Plaintiffs' Motion to Compel concerning certain interrogatories and requests for production of documents propounded to the Defendant. The parties have announced to the Court a resolution concerning certain disputed interrogatories and requests for production of documents which are the subject of the Plaintiff's Motion and as such the issues are now moot. Therefore, the only remaining issue for this Court is the Plaintiff's Interrogatory No. 21. After due consideration of the evidence of the record, the brief of counsel, the applicable law and being otherwise fully advised in the premises, the Court finds as follows:

## DISCUSSION

The Plaintiffs', Richard Muller and Nancy Muller, Complaint alleges, among other matters, entitlement to proceeds under their homeowners' policy issued by the Defendant, State Farm Fire and Casualty Company, for damages sustained to their dwelling, personal property and other matters allegedly due to winds associated with Hurricane *Katrina*. State Farm has denied the cause of loss or any damages sustained by

the Plaintiff.  On March 24, 2006, Plaintiff propounded Interrogatory No. 21 which reads as follows:

> **Interrogatory No. 21:**  Have any claims made as a result of Hurricane Katrina by any other of your insureds within a one-half mile radius of the subject property been paid, in whole or in part? If so, identify the other insureds whose claims were paid and describe the facts and circumstances which support or  substantiate the payment of such claims.

On November 15, 2006, State Farm filed its Answer to Interrogatory No. 21 which states as follows:

> **Answer:** Defendant objects to Interrogatory No. 21 on the basis that it requests information which would require this Defendant to breach the privacy rights of other insureds and is not relevant to the subject litigation.

After unsuccessfully attempting to resolve this discovery dispute without court intervention, the Plaintiffs filed their Motion to Compel with this Court on January 8, 2007.

The threshold question of whether the information sought is reasonably calculated to lead to the discovery of admissible evidence has been previously addressed by this Court in its decision of  *Leonard v. Nationwide Insurance Company*, Civil Action No. 1:05-cv-00475-LTS-RHW.  It is clear from the testimony that State Farm personnel, when adjusting this loss, purportedly considered property damage sustained to adjacent and surrounding properties of the insured location.  Accordingly, this Court finds that the payments made by State Farm under its policies of insurance to its insureds for damages sustained to nearby and adjacent insured properties resulting from winds are reasonably calculated to lead to the discovery of admissible evidence in the instant matter.

The Plaintiffs have requested claims information for insured properties within a

one-half mile radius of the subject location.  This Court's previous decision in *Leonard v. Nationwide Insurance Company*, Civil Action No. 1:05-cv-00475-LTS-RHW, rather than setting forth a specific geographic radius allowed for production of claims information within a "reasonably close physical proximity."  Concerning the particular circumstances in this case, the Court finds that a radius, or geographic area, bounded on the west by U.S. Highway 90 from the Gulf of Mexico to Bayview Street; bounded to the north by Bayview Street including all structures located on the north side of Bayview Street from U.S. Highway 90 to Cedar Avenue; bounded on the east by Cedar Avenue including all structures from U.S. Highway 90 to Bayview Street; and bounded on the south by the Gulf of Mexico; to include all structures located within this geographic area, is within a reasonably close physical proximity.  All of which is illustrated by the map attached as Exhibit "A" to this Order.

In its Response in Opposition to the Motion to Compel, State Farm expresses that payments made for wind damages sustained to other insured locations resulting from the state sponsored mediation, or after initiation of litigation, may have been motivated by factors other than the actual wind damage sustained to the insured properties.  According to State Farm, such payments may have been made in an effort to "buy peace" rather than compensating its insureds for losses insured under the policy.  The Court finds this argument somewhat persuasive and therefore limits production of the requested information to pre-suit claims.  State Farm shall not be required to produce information regarding any payments made under its policies of insurance for damages attributable to wind, or other insured losses, made after litigation was initiated by its insureds, however,

State Farm shall produce claims information for claims paid prior to the initiation of litigation, including those claims resolved during the state sponsored mediation program. Those claims settled through the state sponsored mediation shall be distinguished by State Farm as such.

The next issue raised by the parties is that of the privacy rights of State Farm's other insureds whose claims information is requested by the Plaintiff. State Farm argues that it should be given the opportunity to provide written notice to its policyholders whose claims information is being ordered disseminated to the Plaintiff(s), of the production of said information in order to give those policyholders an opportunity to object to said dissemination of information on the basis of the policyholders' right to privacy. The Court finds that the privacy rights, if any, of State Farm's other insureds and for whom claims information will be produced in this cause, may be adequately protected by redacting personal information such as the social security numbers, dates of birth and bank account numbers. Moreover, the claims information of other State Farm insureds shall not be disseminated outside of this litigation and shall be destroyed by the Plaintiff upon termination of this litigation.

After due consideration of the Plaintiff's Motion to Compel, this Court finds that State Farm shall produce, within 30 days from the date of this Order, the following claims information for payments made to its other insureds for damages attributable to wind or other insured losses under its policies of insurance resulting from Hurricane *Katrina* and within the above prescribed geographical radius:

1. copies of any and all checks tendered by State Farm to its insureds for

      damages sustained to insured properties attributable to wind damages including, but not limited to, damages to insured dwelling, other structures, personal property and additional living expense coverages;

2. copies of all loss summaries, or the State Farm equivalent, if such documents exists, setting forth with particularity the damages for which State Farm tendered compensation to its insureds;

3. copies of all engineering reports prepared by or on behalf of State Farm for each such insured property for which payments were made;

4. copies of all photographs of each insured property within each claims file;

5. copies of all diagrams, if such exists, of the insured property; and

6. copies of all declaration sheets of each insured property which sets forth the coverage limits and deductibles applicable for each coverage type under the policy at issue. It is, therefore,

**ORDERED** that the Plaintiff's Motion to Compel is hereby granted. It is further,

**ORDERED** that each party bears its respective costs associated with this Motion.

**SO ORDERED** this the 29th day of March, 2007.


                                                    *s/ Robert H. Walker*
                                               HONORABLE ROBERT H. WALKER
                                               U.S. MAGISTRATE JUDGE